IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

Civil Action No. 06-00520-GMS, 06-00521-GMS

In re: NELLSON NUTRACEUTICAL, INC., et al.

*Debtors.*

Bankruptcy Case No. 06-10072 (CSS)

**UNITED STATES TRUSTEE AND
OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

*Appellants,*

v.

**NELLSON NUTRACEUTICAL, INC., et al.**

*Appellees.*

APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE
(Christopher S. Sontchi, Judge)

**APPELLEES' MOTION TO DISMISS
APPEAL ON MOOTNESS GROUNDS**

PACHULSKI STANG ZIEHL YOUNG JONES & WEINTRAUB LLP
Laura Davis Jones (Bar No. 2436)
Richard M. Pachulski (CA Bar No. 90073)
Brad R. Godshall (CA Bar No. 105438)
Maxim B. Litvak (CA Bar No. 215852)
Rachel Lowy Werkheiser (Bar No. 3753)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone:   (302) 652-4100
Facsimile:   (302) 652-4400

Counsel for the Appellees

DATED:   June 26, 2007

Nellson Nutraceutical, Inc., Nellson Holdings, Inc., Nellson Intermediate Holdings, Inc., Nellson Northern Operating, Inc., Nellson Nutraceutical Eastern Division, Inc., Nellson Nutraceutical Powder Division, Inc., and Vitex Foods, Inc. (collectively, the "Debtors"), pursuant to Rule 8011 of the Federal Rules of Bankruptcy Procedure, hereby bring this *Motion to Dismiss Appeal on Mootness Grounds*. In support of this Motion, the Debtors state as follows:

1. On April 28, 2006, the Debtors filed their *Motion for Entry of an Order Authorizing and Approving Payments Under Management Incentive Plan* (the "MIP Motion"). By the MIP Motion, the Debtors sought authority to implement, and make payments under, a performance-based management incentive plan (*i.e.*, the MIP). Payments under the MIP were tied to the Debtors achieving certain objective earnings targets. Appellants, United States Trustee (the "UST") and the Official Committee of Unsecured Creditors (the "Committee"), objected to the MIP on various grounds.

2. An evidentiary hearing was held on July 10, 2006 and continued to July 13, 2006, at which the Debtors presented two fact witnesses and one expert to substantiate the Debtors' business judgment in proposing the MIP and the reasonableness of the amounts to be paid under the MIP. The Committee presented one expert witness. The UST offered no witnesses. At the conclusion of the hearing on July 13, 2006, the Bankruptcy Court entered an order (the "Order") granting the MIP Motion. The Order was subsequently entered on the docket on July 18, 2006. The Order expressly provides that "the Debtors are authorized, but not directed, to make payments to the Employees, under the Management Incentive Plan, up to an aggregate amount of $1.395 million."

3. On July 27, 2006 and July 28, 2006, the UST and the Committee, respectively, each filed a notice of appeal of the Order with the Bankruptcy Court. The Notices of Appeal were docketed to this Court on August 23, 2006.

4. In the nearly one year since this appeal was filed, literally nothing has been done by Appellants to further the appeal. Despite the express language of the Order authorizing the Debtors to "make payments to the Employees," neither of the Appellants ever moved to stay the Order pending appeal.

5. The Bankruptcy Court's Order has been fully consummated. Following entry of the Order, the Debtors promptly implemented the MIP for the benefit of the company's management employees. The MIP only covered calendar year 2006.

6. On July 31, 2006, the Debtors made their first payments to employees under the MIP for achieving the operational benchmarks set forth therein for the first half of 2006. The aggregate sum of $550,000 was paid at that time.

7. The Debtors did not achieve their performance targets for the second half of 2006. Accordingly, no additional payments under the MIP were made and there are no more payments that will be made under the MIP. Hence, by its own terms, the MIP has expired.

8. As explained more fully in the simultaneously filed *Brief in Support of Motion to Dismiss Appeal on Grounds of Equitable Mootness* (the "Brief"), this is a textbook case for dismissal of the appeal on mootness grounds. Each of the considerations relevant to mootness set forth by the Third Circuit in *In re Continental Airlines*, 91 F.3d 553, 559 (3d Cir. 1996) (*en banc*), and its progeny, decisively favor dismissal.

9. Appellants never sought or obtained a stay pending appeal. The Order has been not only substantially consummated, but fully implemented. The Debtors' employees have

been paid in accordance with the MIP. Hence, there is no possible form of relief that this Court could fashion, consistent with the requirements of due process, that could require such employees, who are not parties to this appeal, to disgorge the funds that they properly received from the estates nearly one year ago. A reversal of the Order also would be wholly inequitable and prejudicial to the Debtors' employees and could jeopardize the Debtors' reorganization efforts.

10. For all of the reasons set forth in the simultaneously filed Brief, the Debtors respectfully request that the Court dismiss the above-captioned appeal under the doctrines of constitutional and equitable mootness.

Dated: June 26, 2007

PACHULSKI STANG ZIEHL YOUNG JONES & WEINTRAUB LLP

*Rachel J. Werkheiser*
Laura Davis Jones (Bar No. 2436)
Richard M. Pachulski (CA Bar No. 90073)
Brad R. Godshall (CA Bar No. 105438)
Maxim B. Litvak (CA Bar No. 215852)
Rachel Lowy Werkheiser (Bar No. 3753)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:  (302) 652-4400
Email: ljones@pszyjw.com
        rpachulski@pszyjw.com
        bgodshall@pszyjw.com
        mlitvak@pszyjw.com
        rwerkheiser@pszyjw.com

Counsel for Appellees

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

In re:

NELLSON NUTRACEUTICAL, INC., et al.,

                    Debtors.

| | |
|---|---|
| UNITED STATES TRUSTEE AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS,<br><br>                    Appellants,<br><br>          v.<br><br>NELLSON NUTRACEUTICAL, INC., et al.,<br><br>                    Appellees. | Civil Action No. 06-520 (GMS)<br>Civil Action No. 06-521 (GMS)<br><br><br>Bankruptcy Case No. 06-10072 (CSS)<br>Appeal No. 06-45 |

## AFFIDAVIT OF SERVICE

STATE OF DELAWARE          )
                          )SS:
COUNTY OF NEW CASTLE       )

      Karina Yee, being duly sworn according to law, deposes and says that she is employed by the law firm of Pachulski Stang Ziehl Young Jones & Weintraub LLP, counsel for the Appellees, in the above-captioned action, and that on the 26th day of June, 2007, she caused a copy of the following document(s) to be served upon the attached service list(s) in the manner indicated:

**Appellees' Motion to Dismiss Appeal on Mootness Grounds**

_____
Karina Yee

Sworn to and subscribed before
me this 26 day of June, 2007

_____ VANESSA A. PRESTON
Notary Public              Notary Public - State of Delaware
My Commission Expires: 03-21-08  Comm. Expires March 21, 2008

59903-002\DOCS_DE:128606.1

**Nellson Nutraceutical, Inc. Appeal Service List**
Case No. 06-10072 (CSS)
Document No. 120478
02 – Interoffice Delivery
06 – Hand Delivery
05 – First Class Mail

(Counsel to the Debtors)
Laura Davis Jones, Esquire
Rachel Lowy Werkheiser, Esquire
Pachulski Stang Ziehl Young Jones & Weintraub LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705

**Interoffice Mail**
(Counsel to the Debtors)
Maxim B. Litvak, Esquire
Pachulski Stang Ziehl Young Jones & Weintraub LLP
150 California Street, 15th Floor
San Francisco, CA  94111

**Interoffice Mail**
(Counsel to the Debtors)
Richard M. Pachulski, Esquire
Brad R. Godshall, Esquire
Pachulski Stang Ziehl Young Jones & Weintraub LLP
10100 Santa Monica Boulevard, Suite 1100
Los Angeles, CA  90067

**Hand Delivery**
(United States Trustee)
William Harrington, Esquire
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 N. King Street, Suite 2207
Lockbox 35
Wilmington, DE  19801

**Hand Delivery**
(Mediator)
J. Richard Tucker, Esquire
Maron Marvel Bradley & Anderson, P.A.
1201 N. Market Street, Suite 900
Wilmington, DE  19801

**Hand Delivery**
(Counsel to Fremont Investors VII, LLC)
Mark D. Collins, Esquire
Richards Layton & Finger
One Rodney Square
920 North King Street
Wilmington, DE  19801

**Hand Delivery**
(Counsel to Informal Committee of First Lien Lenders)
Robert S. Brady, Esquire
Young Conaway Stargatt & Taylor LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19801

**Hand Delivery**
(Counsel to UBS)
Richard W. Riley, Esquire
Duane Morris LLP
1100 North Market Street, Suite 1200
Wilmington, DE  19801

**Hand Delivery**
(Counsel to the Official Committee of Unsecured Creditors)
Kurt F. Gwynne, Esquire
Reed Smith LLP
1201 Market Street, Suite 1500
Wilmington, DE  19801

**First Class Mail**
(Counsel to UBS)
James J. Holman, Esquire
Duane Morris LLP
30 South 17th Street
Philadelphia, PA

**First Class Mail**
(Counsel to UBS)
Gregory A. Bray, Esquire
Thomas R. Kreller, Esquire
Milbank, Tweed, Hadley & McCloy LLP
601 South Figueroa Street, 30th Floor
Los Angeles, CA  90017

**First Class Mail**
(Counsel to Fremont Investors VII, LLC)
Suzzanne Uhland, Esquire
O'Melveny & Myers LLP
Embarcadero Center West
275 Battery Street
San Francisco, CA  94111-3305

**Fist Class Mail**
(Counsel to the Ad Hoc Committee of First
Lien Lenders)
Fred Hodara, Esquire
Akin Gump Strauss Hauer & Feld LLP
590 Madison Avenue
New York, NY  10022

**First Class Mail**
(Counsel to the Official Committee of
Unsecured Creditors)
Claudia Springer, Esquire
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA  19103