IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

_____

Civil Action No. 06-00520-GMS, 06-00521-GMS
_____

In re: NELLSON NUTRACEUTICAL, INC., et al.

*Debtors.*

Bankruptcy Case No. 06-10072(CSS)

**UNITED STATES TRUSTEE AND
OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

*Appellants,*

v.

**NELLSON NUTRACEUTICAL, INC., et al.**

*Appellees*.
_____

APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE
(Christopher S. Sontchi, Judge)
_____

**APPELLANT UNITED STATES TRUSTEE'S BRIEF IN OPPOSITION TO
APPELLEES' MOTION TO DISMISS APPEAL ON MOOTNESS GROUNDS**

UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
William K. Harrington (Bar No. 4051)
Joseph J. McMahon, Jr. (Bar No. 4819)
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE  19801
Telephone:   (302) 573-6491
Facsimile:    (302) 573-6497

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR UNITED STATES TRUSTEES
Office of the General Counsel
Roberta A. DeAngelis
John P. Sheahan (Bar No. 3999)
20 Massachusetts Avenue, NW
Washington, DC  20530

Counsel for Appellant United States Trustee

DATED:  July 30, 2007

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF THE FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    A.    The Third Circuit Has Rejected the Doctrine of Equitable Mootness
           Except in Narrow Circumstances Not Applicable Here . . . . . . . . . . . . . . . . . . . . 4

    B.    The U.S. Trustee's Appeal Is Not Constitutionally Moot Because an
           Effective Remedy, Disgorgement, Is Available . . . . . . . . . . . . . . . . . . . . . . . . . 6

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

**TABLE OF AUTHORITIES**

**CASES**

Page(s)

Carr v. King (In re Carr),
    321 B.R. 702 (Bankr. E.D. Va. 2005) ........................................... 11

Colorado River Water Conservation Dist. v. United States,
    424 U.S. 800 (1976) ................................................................. 4

Credit Alliance Corp. v. Dunning-Ray Ins. Agency, Inc. (In re Blumer),
    66 B.R. 109 (B.A.P. 9th Cir. 1986) ............................................. 11

Evergreen Int'l Airlines, Inc. v. Pan Am Corp. (In re Pan Am Corp.),
    No. 94 CIV. 8093 (DLC), 1995 WL 366356 (S.D.N.Y. June 20, 1995) ............. 11

Focus Media, Inc. v. National Broad. Co. (In re Focus Media, Inc.),
    378 F.3d 916 (9th Cir. 2004) ..................................................... 7

Huntington Nat'l Bank v. Shawnee Hills, Inc. (In re Shawnee Hills, Inc.),
    2002 WL 31681538 (S.D. W. Va. Nov. 19, 2002) ............................... 6

In re Continental Airlines,
    91 F.3d 553 (3d Cir. 1996) ..................................................... 5, 6

In re Kmart Corp.,
    359 F.3d 866 (7th Cir. 2004) ................................................. 7, 10

In re Main,
    239 B.R. 59 (Bankr. E.D. Pa. 1999) ............................................ 6

In re Quality Spice Corp.,
    107 B.R. 843 (D.N.J. 1989) .................................................... 6

Lawrence Athletic Club v. Scroggin (In re Scroggin),
    364 B.R. 772 (B.A.P. 10th Cir. 2007) .......................................... 7

Mine Management, Inc. v. Wolfe (In re Mountain Laurel Resources Co.),
    2000 WL 341913 (4th Cir. Apr. 3, 2000) ....................................... 6

Official Comm. of Unsecured Creditors of LTV Aerospace & Defense Co. v.
Official Comm. of Unsecured Creditors of LTV Steel Co. (In re Chateaugay Corp.),
    988 F.2d 322 (2d Cir. 1993) ................................................. 10, 11

Rajala v. Hodes (In re Hodes),
    289 B.R. 5 (D. Kan. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Rochman v. Northeast Utils. Serv. Group (In re Public Serv. Co.),
    963 F.2d 469 (1st Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

S.S. Retail Stores Corp. v. Ekstrom (In re S.S. Retail Stores Corp.),
    216 F.3d 882 (9th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Sample v. Morgan,
    914 A.2d 657 (Del. Ch. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

United States v. Palma,
    760 F.2d 475 (3d Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

United States Trustee v. Official Comm. of Equity Sec. Holders (In re Zenith Elecs. Corp.),
    329 F.3d 338 (3d Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 4, 5, 6, 7, 9

Zinchiak v. CIT Small Bus. Lending Corp. (In re Zinchiak),
    406 F.3d 214 (3d Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

**STATUTES**

11 U.S.C. § 549 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

**INTRODUCTION**

On July 18, 2006, the Debtors obtained bankruptcy court approval of a self-styled "management incentive plan" (the "MIP"), under which they were authorized to pay more than a million dollars in bonuses to their senior managers and other employees. Both the United States Trustee and the Official Committee of Unsecured Creditors have appealed from this order. These appeals assert that the MIP impermissibly circumvents 11 U.S.C. § 503(c), a provision of the Bankruptcy Code restricting payments to insiders, which Congress recently enacted in order to address growing concerns regarding excessive management compensation in corporate bankruptcy cases.

Having paid their senior managers and others several hundred thousands of dollars under the auspices of the bankruptcy court's MIP order, the Debtors now seek to evade appellate review of that order by asserting that the U.S. Trustee's appeal is constitutionally and equitably moot. Both of these arguments are foreclosed by the Third Circuit's decision in <u>United States Trustee v. Official Committee of Equity Security Holders (In re Zenith Electronics Corp.)</u>, 329 F.3d 338 (3d Cir. 2003), the facts of which are indistinguishable on all relevant points from the present appeal.

In particular, <u>Zenith</u> forecloses any contention by the Debtors that this appeal is equitably moot. In <u>Zenith</u>, the Third Circuit held that the doctrine of equitable mootness was viable, at most, <u>only</u> in the limited circumstances of an appeal that seeks to unwind a confirmed and substantially consummated plan of reorganization. No such circumstances are presented by this appeal, which involves an order in a pre-confirmation contested matter, and no plan has yet been proposed by the Debtors. As a result, the doctrine of equitable mootness is inapplicable to this appeal as a matter of law.

Zenith also forecloses the Debtors' contention that the U.S. Trustee's appeal is constitutionally moot. Although the Debtors suggest that this appeal no longer presents a case or controversy because the Debtors have already made a distribution of funds under the MIP, this Court may still grant effective relief by ordering the Debtors' managers to disgorge the funds they improperly paid themselves under the MIP, or by ordering the Debtors to take appropriate action to recover any voidable transfers made to other persons. On this point, the facts of this appeal are indistinguishable from Zenith, which held that an appeal of a professional fee award was not constitutionally moot notwithstanding the fact that the professionals, who did not participate in the appeal, had already been paid. Moreover, although the Debtors speculate that the transferees of MIP payments may be able to raise defenses to disgorgement, the mere possibility that such defenses will be raised in a later proceeding is insufficient to render this appeal moot. As a result, this appeal presents a live case or controversy for this Court to determine, and is not constitutionally moot.

Accordingly, the Debtors' motion to dismiss should be denied.

## STATEMENT OF THE CASE

The U.S. Trustee appeals from the Bankruptcy Court's order entered on July 18, 2006, which approved the MIP and authorized payments thereunder up to an aggregate amount of $1.395 million. [A-2][1]. The United States Trustee's notice of appeal was timely filed on July 27, 2006. [A-3]. The Official Committee of Unsecured Creditors appointed in the Debtors' cases has also appealed from the order. [A-4].

---

[1] Appellees's Appendix was filed on June 26, 2007 [Docket No. 7].

**STATEMENT OF FACTS**

On January 28, 2006, the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors continue in possession of their properties and are operating and managing their business as debtors and debtors in possession pursuant to 11 U.S.C. § 1107(a) and 1108.

On April 28, 2006, the Debtors filed their Motion for Entry of an Order Authorizing and Approving Payments Under Management Incentive Plan. [A-1]. In that motion, the Debtors sought authority to implement and make payments under the MIP. The U.S. Trustee and the Committee objected to the MIP motion on grounds that it was a veiled attempt to seek approval of a management retention plan in contravention of recently-enacted section 503(c) of the Bankruptcy Code. Following an evidentiary hearing held on July 10 and 13, 2006, the bankruptcy court granted the MIP Motion by an order dated July 18, 2006. [A-2].

Under the terms of the MIP, nine members of Debtors' senior management received semi-annual bonus payments, purportedly for their assistance in managing the Debtors' reorganization and the resulting additional responsibilities which they assumed. Payments under the MIP were calculated based on the Debtors' financial performance during calendar year 2006. Payments under the MIP commenced shortly after the U.S. Trustee and the Committee filed their notices of appeal, and the Debtors ultimately paid approximately $550,000 under the MIP before the program expired.

Discovery received by the U.S. Trustee and the Committee in connection with the MIP hearing revealed that in March or April, 2006, after the Debtors had filed for bankruptcy, the Debtors implemented a second, previously-undisclosed employee bonus program, which paid the Debtors' employees (including its senior managers) an additional bonus of up to 70% of their base

pay. [B-1,2].[2]    Although the 2006 bonus plan was not disclosed to the bankruptcy court until the hearing on the MIP in July, 2006, the bankruptcy court approved a modified version of that plan over the objection of the U.S. Trustee on May 14, 2007.  [B-3,4,5].

A chapter 11 plan has neither been proposed nor confirmed in the Debtors' bankruptcy cases. The Debtors are presently engaged in an effort to sell substantially all of their operating assets to a third-party purchaser.  [B-6 ].

## ARGUMENT

The Debtors offer two arguments in support of their motion to dismiss this appeal.  First, the Debtors urge the Court to invoke the doctrine of "equitable mootness" and to dismiss the appeal on the grounds that a reversal of the MIP order would be inequitable.  Appellee Br. at 7.  Second, the Debtors urge the Court to dismiss this appeal on the grounds of "constitutional mootness" under the theory that because the Debtors have already made MIP payments, the Court cannot vacate the MIP order without violating the due process rights of the MIP beneficiaries, and therefore "there is absolutely no form of relief that this Court could fashion."  Id. at 6.   Each of these arguments is contrary to controlling precedent of the Third Circuit.

### A.    The Third Circuit Has Rejected the Doctrine of Equitable Mootness Except in Narrow Circumstances Not Applicable Here

In Zenith, a case decided under a highly similar set of facts to the present appeal, the Third Circuit observed that "when a court has jurisdiction to hear an appeal, it has a 'virtually unflagging obligation' to exercise that jurisdiction."  Zenith, 329 F.3d at 347 (quoting Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976)).  In keeping with this principle, the

---

[2] Appellant United States Trustee's Appendix has been filed contemporaneously herewith.

Third Circuit clarified that the doctrine of equitable mootness is only "a limited and well-defined exception" to the appellate court's obligation to exercise jurisdiction, which is applicable only to the single, limited circumstance of an appeal that would unravel a confirmed and consummated plan of reorganization. Id. As the Third Circuit observed,

> [Equitable mootness] has been carefully developed to apply <u>only in that rare situation in which a successful appeal would undo a complicated reorganization.</u> It would make little sense, in light of this carefully considered doctrine, and in light of our "virtually unflagging obligation" to exercise our jurisdiction, to allow courts to dismiss appeals on the basis of an ad hoc weighing of the equities of a successful appeal.

Id. (emphasis added).

Zenith arose from the U.S. Trustee's appeal of an unstayed order of the bankruptcy court that awarded compensation to professionals retained by an committee of equity security holders. See id. at 341. In the proceedings below, the district court concluded that the U.S. Trustee's appeal was equitably moot, on the exact same grounds that the Debtors now raise in the present case: because the fees awarded to the professionals had already been disbursed, any order requiring them to return such fees would be inequitable. See id. at 342. However, the Third Circuit reversed, holding that the doctrine of equitable mootness was inapplicable and that the district court had abused its discretion by relying on equitable considerations to dismiss an appeal. See id. at 347.

The Debtors do not cite Zenith in their discussion of equitable mootness, but instead rely on the earlier Third Circuit decision of In re Continental Airlines, 91 F.3d 553, 560 (3d Cir. 1996). The decision in Continental, however, involved an appeal that had become moot due to the confirmation of a plan, and much of the test set forth in Continental is meaningless outside the context of a confirmed and consummated plan of reorganization. See, e.g., Continental, 91 F.3d at 560, 565

5

(holding that "foremost consideration" in determining whether appeal is equitably moot is "whether the reorganization plan has been substantially consummated" and noting that "central animating force" of equitable mootness is importance of encouraging reliance on confirmed reorganization plans). As a result, as Zenith and other subsequent decisions by courts within the Third Circuit have recognized, the test set forth in Continental is simply inapplicable in cases, such as the present appeal, where no plan of reorganization exists. See Zenith, 329 F.3d at 347; see also In re Main, 239 B.R. 59, 73 (Bankr. E.D. Pa. 1999) (holding that under Continental, "the 'equitable mootness' doctrine has been confined . . . to situations where a party has appealed a bankruptcy order confirming a plan of reorganization").[3]

## B. The U.S. Trustee's Appeal Is Not Constitutionally Moot Because an Effective Remedy, Disgorgement, Is Available

In the alternative, the Debtors suggest that the Court should dismiss the U.S. Trustee's appeal on grounds of constitutional mootness. As explained by the Third Circuit in Continental, constitutional mootness arises "only if events have taken place during the pendency of the appeal that make it impossible for the court to grant any effectual relief whatever." Continental, 91 F.3d at 558 (internal citations omitted). Although the MIP payments have already been disbursed, this Court can still order effective relief, either through the remedy of disgorgement or through an order compelling the Debtors to commence avoidance actions to recover any transfers made in violation

---

[3] In arguing that the doctrine of equitable mootness has applicability beyond plan confirmation orders, the Debtors rely on a series of decisions from courts outside the Third Circuit and/or that predate the Third Circuit's decision in Zenith. See Mine Management, Inc. v. Wolfe (In re Mountain Laurel Resources Co.), 2000 WL 341913 (4th Cir. Apr. 3, 2000); Huntington Nat'l Bank v. Shawnee Hills, Inc. (In re Shawnee Hills, Inc.), 2002 WL 31681538 (S.D. W. Va. Nov. 19, 2002); In re Quality Spice Corp., 107 B.R. 843 (D.N.J. 1989). None of these decisions justify a departure from the rule unequivocally expressed by the Third Circuit in Zenith, by which this Court remains bound.

of the Bankruptcy Code. See 11 U.S.C. § 549 (providing that debtor may avoid unauthorized post-petition transfers), In re Kmart Corp., 359 F.3d 866 (7th Cir. 2004) (noting that transfers made under order authorizing payments to critical vendors, which was later reversed, would be recovered for estate through adversary proceedings). In addition, if the MIP payments are found to have been improper, the Debtors may possess claims against any officers or professionals who breached their fiduciary duties in connection with the MIP. See Sample v. Morgan, 914 A.2d 657 (Del. Ch. 2007) (holding, on defendant's motion to dismiss, that shareholder stated claim for breach of fiduciary duty where management allegedly harmed company through improper approval and implementation of management retention plan).

As the Third Circuit and other courts have recognized, where the remedy of disgorgement is available, an appeal is not constitutionally moot. See Zinchiak v. CIT Small Bus. Lending Corp. (In re Zinchiak), 406 F.3d 214, 223 n.10 (3d Cir. 2005) (debtor's appeal of order permitting foreclosure of property was not moot, notwithstanding subsequent foreclosure and sale of property, where debtor could still seek disgorgement from lender); Zenith, 329 F.3d at 340 n.1 ("[B]ecause the Bankruptcy Court can order the Professionals to disgorge the monies requested by the Trustee, the appeal is not constitutionally moot."); see also Focus Media, Inc. v. National Broad. Co. (In re Focus Media, Inc.), 378 F.3d 916, 923 (9th Cir. 2004) (disgorgement of attorney's fees previously paid by bankruptcy estate); Lawrence Athletic Club v. Scroggin (In re Scroggin), 364 B.R. 772, 779 (B.A.P. 10th Cir. 2007) (disgorgement of funds garnished pursuant to bankruptcy court judgment); Rajala v. Hodes (In re Hodes), 289 B.R. 5 (D. Kan. 2003) (disgorgement from attorneys who were permitted to draw down retainers).

Although the Debtors do not dispute that disgorgement is a form of effective relief, they

7

suggest that this appeal is nevertheless moot because the MIP beneficiaries may have various defenses in the event the Debtors are forced to seek disgorgement from them. In particular, the Debtors suggest that the MIP beneficiaries are "faultless" persons who "earned every penny paid to them under the MIP." Appellee Br. at 6. In addition, the Debtors argue that a reversal of the MIP order would violate these beneficiaries' due process rights. See id.[4]

The Debtors' attempt to limit this Court's appellate jurisdiction cannot be reconciled with the Third Circuit's decision in Zenith. That case, like the present appeal, involved an appeal of a bankruptcy contested matter in which the relief sought was the disgorgement of estate funds paid to third parties. If ordering disgorgement would violate the due process rights of the MIP payees in this case, the same would have been true of the third-party payees in Zenith. Moreover, although the Debtors cite Zenith in passing as a case "where the parties to an appeal continued to exist and could be ordered to disgorge monies received under the order on appeal," see Appellee Br. at 6, there is no reason to distinguish Zenith on that basis. As the docket in Zenith indicates, the professionals whose fees were at issue did not file a brief, did not participate in oral argument, and did not otherwise appear in the proceedings before the Third Circuit. [B-7]. The Debtors do not dispute that the MIP payees continue to exist, and there is no reason why their ability to repay improperly received funds should be any different from that of the professionals in Zenith.

By suggesting that the court should dismiss this appeal because of the defenses that their employees might raise in a later proceeding, the Debtors erroneously conflate the issue of mootness

---

[4] Notably, the Debtors do not raise any arguments with respect to their own due process rights, but instead contend only that the reversal would violate the due process rights of the individual recipients of MIP disbursements. The Debtors, however, lack standing to raise due process arguments on behalf of third parties. See United States v. Palma, 760 F.2d 475, 477 (3d Cir. 1985).

8

with the substantive merits of a hypothetical avoidance action by the Debtors (which is not presently before the Court).[5] In any event, there is no reason to assume (as the Debtors apparently do) that their employees would necessarily prevail on an equitable defense to disgorgement. The principal beneficiaries of the MIP payments are not rank-and-file employees ignorant of the intricacies of bankruptcy litigation, but rather are the highest-ranking members of the Debtors' management. These are the same persons who designed the MIP, made the calculated decision to commence disbursements under the MIP notwithstanding the U.S. Trustee's appeal, and who presumably continue to direct the Debtors' litigation strategy. If these persons are prejudiced by a disgorgement order, it is because of a risk that they willingly assumed.

In any case, the Debtors have failed to demonstrate that disgorgement of any improper MIP payments would violate due process. Notably, the Debtors do not raise any arguments with respect to their own due process rights, but instead contend only that the reversal would violate the due process rights of the individual recipients of MIP disbursements. The Debtors, however, lack standing to raise due process arguments on behalf of third parties. See United States v. Palma, 760 F.2d 475, 477 (3d Cir. 1985).

Moreover, the Debtors fail to identify any way in which the due process rights of individual MIP beneficiaries have been violated. The Debtors have vigorously defended the MIP program at

---

[5] Indeed, by emphasizing the allegedly faultless nature of the MIP beneficiaries as grounds for dismissal, the Debtors urge this Court to adopt a rule similar to the holding of the Ninth Circuit in S.S. Retail Stores Corp. v. Ekstrom (In re S.S. Retail Stores Corp.), 216 F.3d 882 (9th Cir. 2000). where the court dismissed, as moot, an appeal challenging an attorney fee award in part due to the fact that the attorneys had "performed . . . superbly" and the fact that there was no allegation of wrongdoing. Id. at 885. The Third Circuit, however, expressly rejected the holding in S.S. Retail Stores and has cautioned that such equitable considerations are irrelevant in a determination of mootness. See Zenith, 329 F.3d at 347.

9

the direction of their management (who are themselves beneficiaries of MIP payments). The relief granted by the bankruptcy court was directed to the Debtors, not their individual employees, and no employees have sought to intervene in this matter. Moreover, reversing the bankruptcy court's MIP order will not deprive the MIP payees of their day in court, because the Debtors must still commence an appropriate action under 11 U.S.C § 549 to avoid the unauthorized MIP payments. If such actions are commenced, the MIP payees will have an opportunity to assert defenses to repayment, if any, and will receive all the due process to which they are constitutionally entitled. See, e.g., Kmart, 359 F.3d at 871 (where order authorizing payment to vendors was appealed, beneficiaries who had received payment under order did not have due process right to participate in appeal).

In addition, none of the authorities cited by the Debtors support the proposition that this case should be deemed constitutionally moot because of due process concerns. The principal authority relied on by the Debtors is a Second Circuit decision, Official Committee of Unsecured Creditors of LTV Aerospace & Defense Co. v. Official Committee of Unsecured Creditors of LTV Steel Co. (In re Chateaugay Corp.), 988 F.2d 322, 327 (2d Cir. 1993), in which the court held that an appeal of a bankruptcy court order authorizing the debtor to make pension payments was moot. The court declined to exercise its jurisdiction in that case, however, not because of any due process concern, but rather due to its subjective view that disgorgement would cause "unfair hardship" to the pension beneficiaries, combined with its "strong policies favoring settlement" and other equitable considerations. Id. at 326. In stark contrast, as discussed above, the Third Circuit specifically prohibited use of such factors in Zenith, and it is Zenith, not Chateaugay, that is binding on this Court.[6]

---

[6] In Chateaugay, the Second Circuit appears to have held that the appeal of the pension order

10

The remaining cases cited by the Debtors are equally inapposite. Rochman v. Northeast Utilities Service Group (In re Public Service Co.), 963 F.2d 469 (1st Cir. 1992), involved an appeal of a confirmed reorganization plan, in which the court determined both that the appeal was equitably moot and that unwinding the confirmation order was no longer possible. No such circumstance is present here. Evergreen Int'l. Airlines, Inc. v. Pan Am Corp. (In re Pan Am Corp.), No. 94 CIV. 8093 (DLC), 1995 WL 366356 (S.D.N.Y. June 20, 1995), was decided under the rule set forth in Chateaugay, and like Chateaugay relied on equitable rather than constitutional mootness in reaching its result. See id. at *4 (concluding that reversal of order would be "impracticable" and would pose "unfair hardship on faultless beneficiaries"). Credit Alliance Corp. v. Dunning-Ray Insurance Agency, Inc. (In re Blumer), 66 B.R. 109 (B.A.P. 9th Cir. 1986), supports the U.S. Trustee's argument in this matter, holding that an appeal was not constitutionally moot because the court could order effective relief through disgorgement. See id. at 113. Finally, Carr v. King (In re Carr), 321 B.R. 702 (Bankr. E.D. Va. 2005), erroneously cites Blumer for the proposition that a court cannot order disgorgement from a third-party transferee, and further arises from an appeal taken in connection with the final distribution to creditors under a chapter 7 case, a circumstance that is far more analogous to the consummation of a chapter 11 plan rather than to the non-plan-related payments at issue in this appeal. Accordingly, this Court should deny the Debtors' motion to dismiss the U.S. Trustee's appeal on the grounds of constitutional mootness.

---

was both equitably and constitutionally moot. See Chateaugay, 988 F.2d at 325. However, the only discussion in the decision relevant to the issue of constitutional mootness was the Second Circuit's observation that a second order of the bankruptcy court, which was not appealed, also required the debtors to make the same payments. See id. at 327. The Debtors do not allege that any comparable circumstance is present in this case.

## CONCLUSION

For the foregoing reasons, the U.S. Trustee respectfully requests that this Court deny the Debtors' Motion.

        Respectfully submitted,

        **KELLY BEAUDIN STAPLETON**
        **UNITED STATES TRUSTEE**

**BY:**  William K. Harrington, Esquire
       William K. Harrington, Esquire (# 4051)
       Joseph J. McMahon, Jr. (# 4819)
       Trial Attorneys
       United States Department of Justice
       Office of the United States Trustee
       J. Caleb Boggs Federal Building
       844 King Street, Room 2207, Lockbox 35
       Wilmington, DE 19801
       (302) 573-6491
       (302) 573-6497 (Fax)

       Roberta A. DeAngelis
       Acting General Counsel
       John P. Sheahan (# 3999)
       Trial Attorney
       United States Department of Justice
       Executive Office for United States Trustees
       20 Massachusetts Avenue, NW
       Washington, DC 20530

Date: July 30, 2007